IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENYARI OSHNIQUE WILLIAMS

    Plaintiff

v.

NANCY A. BERRYHILL,
Acting Commissioner Social Security
Administration

    Defendant

Civ. No. 3:16-cv-01102-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Kenyari Williams brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for SSI on May 15, 2012, alleging disability beginning on September 28, 1990. Tr. 14.[1] The claim was denied initially and upon reconsideration. *Id*. Following a hearing, the administrative law judge (ALJ) issued an unfavorable decision denying Plaintiff's claim. Tr. 11. The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–3. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both supporting and deterring evidence from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue,* 504 F.3d 1029, 1036 (9th Cir. 2007)).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034-35 (9th Cir. 2000). A reviewing court, however, "cannot affirm the

---

[1] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). A court may not reverse an ALJ's decision on account of a harmless error. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th. Cir. 2008).

The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Stark v. Shalala*, 886 F. Supp. 733, 735 (D. Or. 1995). *See also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (in interpreting the evidence and developing the record, the ALJ need not discuss every piece of evidence).

## **DISCUSSION**

The Social Security Administration (SSA) uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. § 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. *Id.* At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.* If the reviewing agency determines that the claimant is or is not disabled at any step of the evaluation process, the evaluation will not go onto the next step. *Id.*

Here, the ALJ found at step one of the sequential analysis that Plaintiff had not engaged in substantial gainful activity since May 15, 2012, the application date. Tr. 17. At step two, the ALJ found she suffered from the following severe impairments: borderline intellectual

functioning, personality disorder, attention deficit hyperactivity disorder (ADHD), and speech problems. Tr. 17. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found the Plaintiff's RFC allowed her to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she is limited to simple routine tasks at no more than a specialized vocational preparation (SVP) of 1 or 2; requiring no more than occasional interaction with the public and coworkers. Tr. 21. Given these restrictions, and relying on the vocational expert's (VE) testimony, the ALJ found that Plaintiff could perform the requirements of representative medium work, unskilled (SVP-2) occupations such as janitor, or laundry worker. Tr. 25. The ALJ concluded that Plaintiff was capable of performing other work that existed in significant numbers in the national economy. *Id.*

**I. Medical Source Opinions.**

Ms. Williams asserts that the ALJ improperly ignored the medical opinions of Dr. Ronald Duvall, Ph.D. and Dr. James Bryan, Ph.D. Pl.'s Br. 5, 8, ECF No. 19. Dr. Duvall examined Ms. Williams in August of 2012. Tr. 284-288. Dr. Duvall found Ms. Williams to have "significant" problems with attention, concentration, and working memory. *Id*. He did not indicate the degree to which these problems would affect her ability to function. At most, Dr. Duvall states that "these problems impaired her work performance and frustrated her." Tr. 288. In other words, Dr. Duvall's opinion included no concrete limitations on plaintiff's function.

The same is true for Dr. Bryan's examination of Ms. Williams conducted in November of 2009. Tr. 268. While Dr. Bryan found Ms. Williams to have a speech impediment and scored in the borderline or low average range on working memory and processing speed, Dr. Bryan did not

provide any functional limitations or indicate the degree to which Ms. Williams' impairments would affect her ability to function. Tr. 272-74.

The ALJ considered both of these opinions in evaluating the record. Tr. 19-20, 22. For example, the ALJ acknowledged that Dr. Duvall's test result revealed diminished working memory and slow processing speed. Tr. 19. But, because there were no specific limitations indicated in either Dr. Duvall's or Dr. Bryan's opinion, there was no function limitation to incorporate or reject. When an opinion does not prescribe any specific limitations on a claimant, an ALJ need not assume that the medical source intended to include any limitations. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). An ALJ is not required to interpret a doctor's opinion in the light most favorable to the claimant. *Id.* at 1222-23. An ALJ's finding need only be consistent with a doctor's assessed limitations, not identical to them. *Id.*

Here, the ALJ incorporated the impairments identified by Dr. Duvall and Dr. Bryan, including pace and mental limitations, but the only concrete function restrictions available to the ALJ was Dr. Lundblad's recommended restriction to "simple and routine tasks." Tr. 18, 83-85.

Dr. Lundblad's assessment was consistent with the medical evidence and accommodated the mental limitations identified by Dr. Duvall and Dr. Bryan. Dr. Lundblad's conclusions relied on Dr. Duvall's and Dr. Bryan's opinions. Tr. 18, 81. For example, Dr. Lundblad concluded that Ms. Williams would have moderate difficulties in concentration, persistence, and pace, because both Dr. Duvall and Dr. Bryan concluded that the claimant showed signs of diminished working memory and slow processing speed. Tr. 18. Dr. Lundblad recognized in her report that she gave "Great Weight" to the opinion of Dr. Duvall in particular. Tr. 82. Because Dr. Lundblad's assessment is consistent with the opinions of Dr. Duvall and Dr. Bryan, the ALJ's reliance of Dr. Lundblad's assessment does not constitute a rejection of Dr. Duvall's and Dr. Bryan's opinions.

*See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ did not improperly ignore the medical opinion of Dr. Duvall and Dr. Bryan.

## II. Plaintiff's Subjective Testimony.

Absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008). Ms. Williams argues that the ALJ did not provide clear and convincing reasons for discrediting her testimony. Pl.'s Br. 10-16, ECF No. 19. Ms. Williams argues that while her statements are at times inconsistent, they should be viewed in light of her impairments and cognitive deficits. *Id*.

Here, the ALJ found Ms. Williams' testimony to be inconsistent with her medical record, her activities, and Ms. Williams' own past testimony. Tr. 22. While plaintiff claimed that she could not work due to joint pain, two different examiners, Dr. Youker and Dr. Nelson, found no severe physical impairments and noted plaintiff had no physical limitations. Tr. 22, 280, 293. As of February 2014, Ms. Williams was not taking any pain medications and bone scans with arthritic series x-rays were all normal. Tr. 315. Plaintiff reported to Dr. Youker that she spent most of her time roaming around town, being "quite active as she walks most places." Tr. 290. Contradictions between a claimant's reported activities and a claimant's asserted limitations are legally supportable reasons to discount a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

A claimant's inconsistent statements are also specific and convincing reasons to discount her or her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). While plaintiff maintains that she cannot focus due to her ADHD, at other times the plaintiff said she was not looking for work in order to be able to focus on school. Tr. 22, 37, 38. Ms. Williams enrolled at

Portland Community College and had a grade point average of 3.0. Tr. 19, 265. She was registered for eight credits the next semester. *Id*. She completed nine months in Job Corps. Tr. 19, 22, 234, 286. While Ms. Williams said she could not work because of joint problems, she was doing volunteer work and attending classes. Tr. 35, 38, 265. The record as whole supports the ALJ's rational interpretation that plaintiff was able to function adequately, medication helped her ADHD symptoms, and plaintiff was physically active. The ALJ did not err in discrediting Ms. Williams' testimony regarding her physical limitations.

### III. Hypothetical Given to the Vocational Expert.

Plaintiff argues that the ALJ's hypothetical to the vocational expert was incomplete because the limitation to "simple" work did not accurately reflect the severity of plaintiff's limitations. Pl.'s Br. 16, ECF No. 19. The ALJ only limited her to simple repetitive tasks, and occasional interaction with the public and co-workers instead of the full range of her limitations. *Id*. This does not, plaintiff argues, adequately address deficiencies in concentration, persistence, or pace. *Id*.

As discussed above, the ALJ properly discounted plaintiff's subjective testimony and evaluated the medical evidence in the record. Dr. Lundblad translated the evidence in the record into specific limitations which the ALJ gave weight. Tr. 18. The ALJ correctly and adequately incorporated those limitations into RFC findings. Tr. 21. The ALJ limited Ms. Williams to simple, routine tasks of SVP 1 or 2, to accommodate her limitations in concentration, persistence, or pace. Tr. 21. *See Sabin v. Astrue*, 337 Fed. Appx. 617, 620-21 (9th Cir. 2009) (ALJ did not err in determining that, despite moderate difficulties in concentration, persistence, or pace, the claimant could perform "simple and repetitive tasks on a consistent basis"); *Bickford v. Astrue*, 2010 WL 4220531, *11 (D. Or. Oct. 19, 2010) ("so long as the ALJ's decision is

7 – OPINION AND ORDER

supported by medical evidence, a limitation to simple, repetitive work can account for moderate difficulties in concentration, persistence or pace").

The ALJ limited Ms. Williams' contact with the public and co-workers. Tr. 21. By limiting Ms. Williams to "no more than occasional interaction with the public and co-workers," the ALJ utilized the limitations put forth in the assessment created by Dr. Lundblad and addressed plaintiff's issues with cognition and speech. Tr. 21, 84.

The hypothetical that the ALJ posed to the vocational expert contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on the vocational expert's testimony in response to the hypothetical was therefore proper. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

## **CONCLUSION**

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of November, 2017.

                                                    /s/Michael J. McShane
                                                    Michael J. McShane
                                                    United States District Judge